AETNA CASUALTY AND SURETY COMPANY, Plaintiff,

v.

UNITED STATES of America and Paul J. Curran, United States Attorney for the Southern District of New York, Defendants,

City of Wichita, Kansas, et al., Additional Defendants to Counterclaim for Interpleader.

No. 74 Civ. 3604.

United States District Court, S. D. New York.

April 23, 1976.

Hendler & Murray, New York City by Monroe Weiss, New York City, of counsel, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., New York City by Dennis Young, Jr., Asst. U. S. Atty., New York City, of counsel, Harris & Post, New York City, Burchetta, Goldsand & Burchetta, P. C., Carmel, N. Y., for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is an interpleader action arising out of the theft of nine City of Wichita Industrial Revenue Bonds (the bonds). After the bonds had been stolen, the thief (or someone else) pledged them to a bank as security for a loan. Upon learning of the theft, the bank delivered the bonds to the government to aid in prosecution, and made a claim against its insurer, Aetna Casualty and Surety Company (Aetna) for its loss. Upon satisfying that claim, Aetna received an assignment of the bank's title to the bonds. After the prosecution had been completed, Aetna, as assignee of the bank who had delivered them to the government, demanded possession of the bonds, offering to indemnify the government against any claim by any third person. The government refused the offer of indemnity unless Aetna would agree to render the bonds nonnegotiable by marking them as "stolen". Rejecting this condition, Aetna filed suit for recovery of the bonds, and the government responded by an interpleader, joining as parties all possible claimants, including the supposed thieves. The sole question here is whether the government or Aetna should pay the costs of the inter-

pleader. We think the burden should be on the government.[1]

The government concedes that the proffered indemnification would have been sufficient to insulate it from any subsequent liability. It argues however that it had a duty to safeguard the public against possible circulation of the stolen bonds by refusing Aetna's offer, unless it would void the bonds. It is thus critical to distinguish between the government's rights as a civil litigant and its interest as the government in furthering certain policies. As we view the situation, the rules of civil procedure are exclusively concerned with the former and not at all with the latter. Once the government was assured that its financial interests were fully covered by Aetna's offer of indemnity, it had no further interest in the matter as a civil litigant. If, as the government, it felt that the public needed protection against possible ramifications of the original theft, the expenses of such protection should be borne by the taxpayers in general and not by one of the victims of the theft.

Settle order on five (5) days' notice.

---

1. The government has also moved to be discharged from this suit and from any and all liability with respect to the bonds. This mo- tion is granted on consent. At oral argument the government withdrew its motion for the award of attorneys' fees.